

# THE ATTORNEY GENERAL
## OF TEXAS

July 31, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Linda Shoemaker Lowrey       Opinion No.   JM-1077
Criminal District Attorney
121st Judicial District                Re:     Liability of a mu-
Yoakum County                          nicipality  for  acts  of
P. O. Box 359                          employees   of   a   public
Plains, Texas    79355                 health district of  which
                                       the  city  is  a   member
                                       (RQ-1555)

Dear Ms. Lowrey:

You present the following question:

> Can the City of  Denver City, a home  rule
> municipality, be held liable in a damage suit
> brought  for  the  negligence  of  the  South
> Plains Public Health District  or one of  its
> employees  acting  on  behalf  of  the  South
> Plains Public Health District?

Information provided with  your request indicates  that
the South Plains Public  Health District is organized  under
V.T.C.S. article 4436b, the Local Public Health  Reorganiza-
tion Act.  Acts 1983, 68th Leg., ch. 190, at 797 as amended.
Article IV  of the  Act provides  for the  establishment  of
public health districts.  Section 4.01 provides:

> (a)  By a majority vote of each  governing
> body, a public health district may be  estab-
> lished by:
>
> (1)  two or more counties;
>
> (2)  two or more incorporated  municipali-
> ties;
>
> (3)  a county and one or more incorporated
> municipalities situated therein; or

> (4)   two or more counties and one or  more
> incorporated    municipalities    situated
> therein.

V.T.C.S. art. 4436b,  § 4.01.  The information  accompanying
your request indicates  that Denver City  is one of  several
governmental entities -- including several counties, several
other cities,  and  a  school  district  --  comprising  the
current membership of the health district.[1]

The discussion submitted with your  request refers  to
various provisions of the Texas Tort Claims Act, Civil Prac-
tice and  Remedies Code,  chapter  101, which  provides  for
limited waiver of the governmental immunity of "governmental
units" in Texas.  We do not understand you to ask,  however,
what sorts  of  conduct  or  conditions  might  fall  within
exceptions to  governmental immunity  and thus might  result
in liability for a responsible governmental unit.  Rather we
understand your question to be:  assuming conduct of  health
district personnel, or conditions or use of property in  its
control, which would  give rise to  such liability, could  a
member city of the health district be held liable?

As your discussion refers exclusively to liability  un-
der the Tort Claims Act, we limit this opinion to  potential
liability under that act and  will not speculate as to  what
other provisions of law might be held to create further  ex-
ceptions to governmental immunity vis a vis the affairs  of
the health district.

We note first that the  provisions in the Local  Public
Health Reorganization Act  regarding  health districts  con-
tain no authorization  for a  health district to  sue or  be
sued.  Also, there is no  authorization for such a  district
to  levy  taxes  or  issue  bonds.   V.T.C.S.  art.   4436b,
§§ 1.01-5.03.

A health district therefore does  not appear to be  the
sort of "governmental unit" contemplated by the Tort  Claims
Act.  The  latter act  provides in  section 101.021  of  the
Civil Practice and Remedies  Code that "governmental  units"
shall be liable for  certain conduct and certain  conditions

---

1.   Section 4.05 provides for school districts "and other
governmental entities" becoming members  of a public  health
district.

or uses of property.[2]  Section 101.107, regarding payment of judgments under the Tort Claims Act by a "governmental unit," provides that "the governmental unit may pay the

_____

2.  "Governmental unit" is defined in section 101.001 of the Tort Claims Act as:

> (A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

> (B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district and river authority; and

> (C) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

Section 101.021 provides for liability of a "governmental unit" as follows:

> A governmental unit in the state is liable for:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

>> (A) the property damage, personal injury, or death arises from the operation
>> (Footnote Continued)

judgments in equal annual installments for a period of not more than five years" if the amount of judgments in one year, excluding amounts payable by an insurer, "exceeds one percent of <u>the unit's budgeted tax funds</u>" for the year, excluding debt service. (Emphasis added.) Civ. Prac. & Rem. Code § 101.107(c). <u>See also</u> <u>County of Brazoria v. Radtke</u>, 566 S.W.2d 326 (Tex. Civ. App. - Beaumont 1978, writ ref'd n.r.e.) (a sheriff, having "no authority to levy an ad valorem tax for the purpose of paying a judgment" is not a "separate 'unit of government' against which suit should be brought and recovery be allowed" under the Tort Claims Act).

We find no cases or attorney general opinions addressing the issue whether health districts are "units of government" under the Tort Claims Act, but we believe that Attorney General Opinion M-538 (1969), which considered whether community health centers established under V.T.C.S. article 5547-203 were such "units of government," is apposite. The community centers were authorized to be established by contract among counties, cities, and hospital and school districts. The organizing contract was to provide for the constituting of a board of trustees. But the governing statute did not authorize the centers to sue or be sued, or to levy taxes or issue bonds. The opinion concluded:

> [I]t is our view that a community center is merely a component part of a 'unit of government' as defined in section 2 of the Texas Tort Claims Act. Such a center is simply a local agency created either by unilateral action or contract by or between designated local governmental bodies. It is our opinion that the legal effect of the Texas Tort Claims Act is not to impose direct liability

---

(Footnote Continued)
> or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

> upon such an agency as such, but rather that any tortious conduct attributable to an employee, officer or agent of a community center would be the responsibility and liability of the creating local governmental unit or units.

Attorney General Opinion M-538 (1969) at 3-4. <u>See also</u> Attorney General Opinions H-291 (1974); H-735 (1975).[3]

Similarly, as previously stated, public health districts created under V.T.C.S. article 4436b are not authorized to sue or be sued or to levy taxes or issue bonds. The member cities, counties, etc., of a health district are authorized to provide by cooperative agreement for the organization and operation of the health district -- including payment of costs by the members "necessary for implementation of the public health district" -- the creation of an administrative or advisory "public health board," and the appointment of a director of the district. V.T.C.S. article 4436b, §§ 4.03, 4.06. A district is authorized "to perform the public health functions that any of its members is authorized to perform unless otherwise restricted by law." V.T.C.S. art. 4436b, § 4.02. The public health board is authorized to adopt rules necessary and appropriate "to promote and preserve the health and safety of the public," but the rules may not conflict with state law or with ordinances of member cities or counties. V.T.C.S. art. 4436b, § 4.03.

We do not believe a public health district is a governmental unit under the provisions of the Tort Claims Act, or that it has a legal status independent of its members such that the latter would be insulated from liability arising from conduct of the district's personnel or the condition or use of its property under the Tort Claims Act. Civ. Prac. & Rem. Code § 101.001.

It is our opinion that a member city of a health district could be held liable for conduct of health district personnel or conditions or use of its property which would be grounds for liability under the Tort Claims Act.

---

3. In 1979, the legislature added a subsection 3.01(c) to V.T.C.S. article 5547-203 to provide specifically that community health centers were units of government under the Tort Claims Act. Acts 1979, 66th Leg., ch. 797, at 2028.

## S U M M A R Y

A member city of a public health district created under V.T.C.S. article 4436b could be held liable under the Tort Claims Act, Civil Practice and Remedies Code chapter 101, for conduct of health district personnel or for the condition or use of property under the control of the health district.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General